EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

ELLIOT ENOKI  #1528
First Assistant U. S. Attorney

FLORENCE T. NAKAKUNI  #2286
Assistant U. S. Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:   florence.nakakuni@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 25 2003

at 11 o'clock and 15 min A.M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. CR 03-00552 SOM |
|---|---|---|
| Plaintiff, | ) | INDICTMENT |
| v. | ) | [18 U.S.C. § 1954] |
| ALBERT ANTHONY HEWITT, | ) | |
| Defendant. | ) | |

INDICTMENT

SEALED
BY ORDER OF THE COURT

COUNTS 1-6
(18 U.S.C. § 1954)

The Grand Jury charges that:

A.  General Allegations

At all times material herein:

1.  ALBERT ANTHONY HEWITT, defendant herein, was an investment advisor for the Mutual Aid Fund of the United Public Workers, AFSCME, Local 646, AFL-CIO, ("UPW Mutual Aid Fund") from

approximately September 1, 1994 through approximately February 24, 2000. In such capacity, ALBERT ANTHONY HEWITT was an agent of the UPW Mutual Aid Fund and a person who provided benefit plan services to the UPW Mutual Aid Fund.

2. The United Public Workers, AFSCME, Local 646, AFL-CIO, with its headquarters in Honolulu, Hawaii, was an employee organization representing employees engaged in an industry affecting commerce within the meaning of Title I of the Employee Retirement Income Security Act. Title 29, United States code, Sections 1001 et seq., ("ERISA").

3. Gary Wayne Rodrigues, who is not a defendant herein, was the State Director of the UPW.

4. Membership of UPW consisted of workers primarily working for the State, Counties and Cities of the State of Hawaii. UPW also had a Private Sector Division which was comprised of workers who worked in private hospitals, nursing homes and non-profit organizations in the State of Hawaii.

5. The UPW sponsored the Mutual Aid Fund, a voluntary contribution plan providing hospitalization and related benefits for participating UPW members and their dependents.

6. The UPW Mutual Aid Fund was an employee welfare benefit plan subject to Title I of the Employee Retirement Security Act of 1974, as amended, Title 29, United States code, Sections 1001 et seq. ("ERISA").

7.  Under ERISA, defendant ALBERT ANTHONY HEWITT was a fiduciary with respect to the UPW Mutual Aid Fund to the extent he (i) exercised any discretionary authority or discretionary control respecting the management of such plan or exercised any authority or control respecting management or disposition of its assets, and (ii) rendered investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or had any authority or responsibility to do so pursuant to 29 U.S.C. § 1002(21)(A).

8.  Defendant ALBERT ANTHONY HEWITT, as a fiduciary was prohibited from (i) dealing with the assets of the UPW Mutual Aid Fund in his own interest or for his own account; (ii) acting in his individual or in any other capacity in any transaction involving the UPW Mutual Aid Fund on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants and beneficiaries; and (iii) receiving any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the UPW Mutual Aid Fund pursuant to 29 U.S.C. § 1106(b)(3).

9.  Beginning in approximately September 1994 and through calendar year 1999, defendant ALBERT ANTHONY HEWITT received compensation directly from the UPW Mutual Aid Fund as the investment advisor to the Fund for a fee of one percent (1%)

of the Mutual Aid Fund's assets which amount was set at the beginning of the year and paid in 12 monthly installments.

10. From sometime in 1998, defendant ALBERT ANTHONY HEWITT, who held out himself to be an Investment Advisor, was the individual with the sole authority to disburse assets from a Best Rescue Systems, Inc. Special Escrow Account at Nation's Bank in Winter Park, Florida ("Special Escrow Account").

11. At the close of 1998, the stock holdings of the UPW Mutual Aid fund had a fair market value of approximately $1,332,000 and total assets of approximately $2,264,000.

12. Sometime in 1998 and by November 12, 1998, defendant ALBERT ANTHONY HEWITT arranged for a $250,000 loan from the UPW Mutual Aid Fund to Best Rescue Systems, Inc., a Florida corporation which was ostensibly involved in the production of products designed to assist in the rescue of individuals from multi-story buildings during emergency or disaster situations.

13. By letter dated November 12, 1998 from defendant HEWITT to Gary Rodrigues, the State Director of UPW, HEWITT represented that the $250,000 loan was short-term in nature and that $125,000 would be repaid to the UPW Mutual Aid Fund and that the remaining $125,000 would be converted to a stock investment.

14. A Binding Letter of Intent, dated November 24, 1998, was signed by RK, as president of Best Rescue Systems, Inc. and as an individual and by ALBERT ANTHONY HEWITT, The Hewitt

4

Company. The letter stated, among other things, that the $250,000 loan was "interim financing."

15. On November 24, 1998, RK, president of Best Rescue Systems, Inc. signed a promissory note issued to the UPW Mutual Aid Fund as the holder and Best Rescue Systems, Inc. as the maker. The note was for $250,000 plus interest at a rate of 18% per annum.

16. A security agreement dated November 24, 1998, signed by RK, as president of Best Rescue Systems, Inc. and as an individual, as the pledgor, and by Gary W. Rodrigues, as State Director of UPW and Administrator of the UPW Mutual Aid Fund, as the pledgee. This Security Agreement granted a "first priority security interest" to the UPW Mutual Aid Fund in certain assets of Best Rescue Systems, Inc. to include "All property, equipment and assets comprising the business of Best Rescue Systems, Inc." and "All accounts receivable and all rights under agreements to sell or otherwise convey any assets of the Business and all cash and noncash proceeds thereof."

17. On November 25, 1998, RK executed an Assignment and General Instrument of Transfer which transferred to defendant ALBERT ANTHONY HEWITT, the same assets set forth in the November 24, 1998 Security Agreement.

18. On December 4, 1998, $250,000 from the Mutual Aid Fund was wired from the UPW Mutual Aid Fund account at Salomon

Smith Barney, Honolulu, Hawaii, to the Special Escrow Account controlled by defendant HEWITT.

19. On or about December 10, 1998, defendant ALBERT ANTHONY HEWITT received a $57,000 check of which $12,500 represented a 5% finders fee from Best Rescue Systems, Inc. for the $250,000 wire transferred on December 4, 1998. The balance of $44,500 allegedly represented repayment of loans made to Best Rescue Systems, Inc. by defendant ALBERT ANTHONY HEWITT during the period July 1, 1998 through December 1, 1998, and reimbursement for expenses

20. On February 5, 1999, Best Rescue Systems, Inc. signed a promissory note issued to the UPW Mutual Aid Fund as the holder and Best Rescue Systems, Inc. as the maker. The note was for $200,000 plus interest at a rate of 18% per annum.

21. On February 19, 1999, a $200,000 investment in Best Rescue Systems, Inc. was approved by the trustees of the UPW Mutual Aid Fund.

22. On February 23, 1999, $200,000 from the Mutual Aid Fund was wired from the UPW Mutual Aid Fund account at Salomon Smith Barney, Honolulu, Hawaii, to the Special Escrow Account established by defendant HEWITT.

23. On or about March 1, 1999, defendant ALBERT ANTHONY HEWITT received $10,000 which represented a 5% finders

fee from Best Rescue Systems, Inc., for the February 23, 1999 wire transfer.

24. On April 26, 1999, RK, president of Best Rescue Systems, Inc. signed a promissory note issued to the UPW Mutual Aid Fund as the holder and Best Rescue Systems, Inc. as the maker. The note was for $150,000 plus interest at a rate of 18% per annum.

25. On May 3, 1999, $150,000 from the Mutual Aid Fund was wired from the UPW Mutual Aid Fund account at Salomon Smith Barney, Honolulu, Hawaii, to the Special Escrow Account established by defendant HEWITT.

26. On or about May 13, 1999, defendant ALBERT ANTHONY HEWITT received $7,500, representing a 5% finders fee from Best Rescue Systems, Inc. for the $150,000 wired on May 3, 1999.

27. On June 30, 1999, RK, president of Best Rescue Systems, Inc. signed a promissory note issued to the UPW Mutual Aid Fund as the holder and Best Rescue Systems, Inc. as the maker. The note was for $250,000 plus interest at a rate of 18% per annum.

28. On July 1, 1999, $250,000 from the Mutual Aid Fund was wired from the UPW Mutual Aid Fund account at Salomon Smith Barney, Honolulu, Hawaii, to the Special Escrow Account established by defendant HEWITT.

29. On or about July 12, 1999, defendant ALBERT ANTHONY HEWITT received $12,500 representing a 5% finders fee from Best Rescue Systems, Inc., for the $250,000 wired on July 1, 1999.

30. On August 24, 1999, RK, president of Best Rescue Systems, Inc. signed a promissory note issued to the UPW Mutual Aid Fund as the holder and Best Rescue Systems, Inc. as the maker. The note was for $150,000 plus interest at a rate of 18% per annum.

31. On or about August 24, 1999, defendant ALBERT ANTHONY HEWITT received $7,500, representing a 5% finders fee from Best Rescue Systems, Inc. for the $150,000 which was not wire transferred until September 17, 1999.

32. By letter dated September 10, 1999, defendant ALBERT ANTHONY HEWITT advised the UPW that Best Rescue Systems, Inc. was in need of an additional $150,000 and that this fifth and final promissory note would bring the UPW Mutual Aid Fund investment in Best Rescue Systems, Inc. to $1,000,000

33. On September 17, 1999, $150,000 from the Mutual Aid Fund was wired from the UPW Mutual Aid Fund account at Salomon Smith Barney, Honolulu, Hawaii, to the Special Escrow Account established by defendant HEWITT.

34. On November 22, 1999, defendant ALBERT ANTHONY HEWITT, The Hewitt Company, serving as management and signor for

Best Rescue Systems, Inc. signed a promissory note issued to the UPW Mutual Aid Fund as the holder and Best Rescue Systems, Inc. as the maker. The note was for $100,000 plus interest at a rate of 18% per annum.

35. On or about November 22, 1999, defendant ALBERT ANTHONY HEWITT received $5,000, representing a 5% finders fee for the $100,000 which was not wire transferred until December 1, 1999.

36. On December 1, 1999, $100,000 from the Mutual Aid Fund was wired from the UPW Mutual Aid Fund account at Salomon Smith Barney, Honolulu, Hawaii, to the Special Escrow Account established by defendant HEWITT.

37. By memorandum dated December 15, 1999, Gary Rodrigues, UPW State Director, requested that the $1,100,000 UPW Mutual Aid Fund investment in Best Rescue Systems, Inc. be returned with interest.

38. By memorandum dated February 22, 2000, Gary Rodrigues, UPW State Director, informed defendant ALBERT ANTHONY HEWITT that based on the formula of 1% of the assets of the UPW Mutual Aid Fund, defendant ALBERT ANTHONY HEWITT's fee was being adjusted effective January 2000.

39. The UPW Mutual Aid Fund received 9 monthly interest payments on the November 24, 1998 note ($250,000) of $3,750 per month by way of checks drawn on the Special Escrow

Account and authorized by defendant ALBERT ANTHONY HEWITT. The last payment was in September 1999.

40. The UPW Mutual Aid Fund received 7 monthly interest payments on the February 5, 1999 note ($200,000) of $3,000 per month by way of checks drawn on the Special Escrow Account and authorized by defendant ALBERT ANTHONY HEWITT. The last payment was in September 1999.

41. The UPW Mutual Aid fund received four interest payments for the April 26, 1999 note ($150,000) of $2,250 per month drawn on the Special Escrow Account and authorized by defendant ALBERT ANTHONY HEWITT. The last payment was in September 1999.

42. The UPW Mutual Aid Fund received two interest payments on the June 30, 1999 note ($250,000) of $3,750 per month drawn on the Special Escrow Account and authorized by defendant ALBERT ANTHONY HEWITT. The last payment was in September 1999.

43. No interest payment was made on the August 24, 1999 note ($150,000) and the November 22, 1999 note ($100,000).

B. The Payments

On or about the following dates, and in the approximate amounts as set forth in tabular form below, in the District of Hawaii and elsewhere, defendant ALBERT ANTHONY HEWITT, received and agreed to receive fees, kickbacks, commissions, money and things of value because of his actions, decisions, and other

duties, relating to a question and matter concerning the UPW Mutual Aid Fund, that is, the investment of UPW Mutual Aid Fund assets in Best Rescue Systems, Inc., as follows, with each payment constituting a separate count of this Indictment:

| Count | Date | Payments |
|---|---|---|
| 1 | December 10, 1998 | $12,500 of a $57,000 check payable to defendant ALBERT ANTHONY HEWITT drawn on the Special Escrow Account |
| 2 | March 1, 1999 | $10,000 by way of a check payable to defendant ALBERT ANTHONY HEWITT drawn on the Special Escrow Account |
| 3 | May 13, 1999 | $7,500 by way of a check payable to defendant ALBERT ANTHONY HEWITT drawn on the Special Escrow Account |
| 4 | July 12, 1999 | $12,500 by way of a check payable to defendant ALBERT ANTHONY HEWITT drawn on the Special Escrow Account |
| 5 | August 24, 1999 | $7,500 by way of a check payable to defendant ALBERT ANTHONY HEWITT drawn on the Special Escrow Account |
| 6 | November 22, 1999 | $5,000 by way of a check payable to defendant ALBERT ANTHONY HEWITT drawn on the Special Escrow Account |

All in violation of Title 18, United States Code, Section 1954.

DATED: **NOV 25**, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

*(signature)*
_____
ELLIOT ENOKI
First Assistant U.S. Attorney

*(signature)*
_____
FLORENCE T. NAKAKUNI
Assistant U.S. Attorney

USA v. Albert Anthony Hewitt
"Indictment" Cr. No. 03-

12