**ORIGINAL**

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Assistant U. S. Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  florence.nakakuni@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 3 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00552 SOM |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR A |
| vs. | ) | DOWNWARD DEPARTURE OR IN THE |
| | ) | ALTERNATIVE FOR A SENTENCE |
| ALBERT ANTHONY HEWITT, | ) | BELOW THE ADVISORY GUIDELINE |
| | ) | |
| Defendant. | ) | Date:  January 23, 2006 |
| | ) | Time:  3:00 p.m. |
| | ) | Judge: Susan Oki Mollway |
| | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A
DOWNWARD DEPARTURE OR IN THE ALTERNATIVE FOR A
SENTENCE BELOW THE ADVISORY GUIDELINE

The United States of America hereby opposes Defendant Albert Anthony Hewitt's Motion for Downward Departure or in the Alternative for a Sentence Below the Advisory Guideline.

Defendant urges the Court for a downward departure in his sentencing based on the following:

      a.   He claims he lacked knowledge that the UPW Mutual Aid Fund was subject to ERISA;

      b.   His criminal conduct was aberrant;

      c.   He is attempting to make restitution; and

      d.   This felony conviction will result in the loss of his securities dealer license.

Each of these grounds will be addressed below.

First, whether or not a defendant knew that a fund was subject to ERISA is not an element of the offense. This notion that defendant Hewitt did not know it was an ERISA fund flies in the face of his professional background in working with pension plans. The claimed lack of knowledge that the Mutual Aid Fund was an ERISA fund was first raised when defendant Hewitt was sued civilly by the UPW several years before he was indicted in this case.

Second, the fact that he has never been convicted is not unusual; indeed, many defendants come before this Court for sentencing at Criminal History Category I.

Third, that he is attempting to make restitution is a recent development. On January 4, 2006, the undersigned AUSA was faxed a copy of a motion entitled, "Joint Motion to Compel United States Attorney and United States Public Defender to Provide Information Concerning the Whereabouts of Albert Hewitt" filed in the Middle District of Florida by the Bredhoff & Kaiser law firm

in Washington, D.C., which represents the UPW in the civil suit filed against Hewitt as a result of the $1.1 million dollar loss sustained by the UPW's Mutual Aid Fund.  On or about January 9, 2006, Gary Kohlman of the Bredhoff & Kaiser firm contacted the undersigned AUSA requesting assistance in obtaining a current address for Mr. Hewitt who, according to Mr. Kohlman, had been evading service of a subpoena for purposes of a deposition.  The undersigned AUSA informed Mr. Kohlman that she could not provide any address but that she would contact Defendant Hewitt's Pre-Trial Services Officer and, with the approval of the Pre-Trial Services Officer, gave Mr. Kohlman the Officer's name and number.  Based on the receipt of a letter dated January 18, 2006, from Mr. Kohlman on behalf of Defendant Hewitt, the government assumes that Defendant Hewitt realized that it would be beneficial for him, when he stood before this Court for sentencing, to contact Mr. Kohlman and that a settlement has been reached.

Fourth, the loss of his securities license is a direct consequence of the choices made by Defendant Hewitt.

The government respectfully requests that a sentence within the guideline range would achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553.  Here, Defendant Hewitt owed a duty to the members of the UPW to conduct himself honestly and in accordance with all legal requirements with respect to the Mutual Aid Fund.  Hewitt convinced UPW to invest

in a high-risk venture capital business, "Best Rescue." $1.1 million dollars was sent to Hewitt as a loan for Best Rescue pursuant to instructions from Gary Rodrigues, the then State Director of UPW. Hewitt's claim in his letter to this Court (p.4) that he did not realize that Best Rescue's assets had been transferred to him is, in light of all the facts of the case, incredible. Defendant Hewitt does not deny that he had sole signatory authority on Best Rescue's bank account. A sentence within the guideline range would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense and afford adequate deterrence to criminal conduct.

DATED: January 23, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
FLORENCE T. NAKAKUNI
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by Facsimile and by First Class Mail:

>BIRNEY BERVAR, ESQ.
>1001 Bishop Street
>Suite 1400, Pauahi Tower
>Honolulu, Hawaii 96813
>
>Attorney for Defendant
>ALBERT ANTHONY HEWITT

DATED: January 23, 2006, at Honolulu, Hawaii.

_____